## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

MICHAEL A. ADKINS, an individual and
JANET HOLDERBY, an individual,

               Plaintiffs,

v.                                       CIVIL ACTION NO.   3:15-13151

DeANGELO BROTHERS, LLC, a limited
liability company, formerly DeAngelo
Brothers, Inc.,

               Defendant.

### MEMORANDUM OPINION AND ORDER

On September 14, 2015, Plaintiffs Michael A. Adkins and Janet Holberby filed this diversity action against their former employer Defendant DeAngelo Brothers, LLC. Thereafter, Defendant filed a Motion to Dismiss or, in the Alternative, Motion to Transfer. ECF No. 8. Upon consideration, the Court **GRANTS** the motion to **TRANSFER**.

### I.
### FACTS

Plaintiff Adkins is a citizen and resident of Cabell County, West Virginia, and Plaintiff Holderby is a citizen and resident of Lawrence County, Ohio. Defendant is a Pennsylvania limited liability company licensed to do business in West Virginia.[1] Both Plaintiffs worked for Defendant in its Huntington, West Virginia office.

---

[1] According to the Complaint, Defendant's principal place of business is in Hazelton, Luzerne County, Pennsylvania.

When Plaintiffs began working for Defendant, they both signed Non-Disclosure and Non-Competition Agreements. On or about 2015, Plaintiffs quit their positions with Defendant and began working for Wilderness Environmental Services, a competitor to Defendant. Subsequently, Plaintiffs were terminated by Wilderness Environmental Services as part of settlement agreement it reached with Defendant in a lawsuit against another employee who left Defendant to work for Wilderness Environmental Services. Plaintiffs were not parties to that lawsuit. As a result of their termination from Wilderness Environmental Services, Plaintiffs filed this action against Defendant for Tortious Interference of an Employment Opportunity and Economic Expectancy and for Declaratory Relief. Defendant now moves to either dismiss or transfer this action pursuant to a forum-selection clause contained in Non-Disclosure and Non-Competition Agreements Plaintiffs signed.

## II.
## DISCUSSION

In *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 134 S. Ct. 568 (2013), the United States Supreme Court held that enforcement of a forum-selection clause should be treated as a motion to transfer under 28 U.S.C. § 1404(a), rather than a motion to dismiss under Rule 12(b)(3) or 28 U.S.C. § 1406(a). 134 S. Ct. at 577. "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id*. More specifically, a court generally looks to 28 U.S.C. § 1391 to determine whether venue is "wrong" or "improper." Section 1391(b) provides that:

A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In this case, Defendant has not challenged the propriety of venue under § 1391. Rather, Defendant focuses its arguments on whether this action should remain in this District in light of the forum-selection clause. Therefore, pursuant to *Atlantic Marine*, this Court will determine whether this action should be transferred.

In *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), the Supreme Court held that "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause[.]" 487 U.S. at 32. In deciding whether an action should be transferred under this section, a court must "weigh in the balance a number of case-specific factors[,]" and "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." *Id*. at 29. However, the Supreme Court has made it clear that the presence a forum-selection clause cannot make venue "wrong" or "improper" under § 1406(a) or Rule 12(b)(3). *Atl. Marine*, 134 S. Ct. at 579.

Section 1404(a) specifically provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Thus, § 1404(a) serves as an enforcement mechanism for forum-

selection clauses that designate a specific federal district and must "be 'given controlling weight in all but the most exceptional cases.'" *Atl. Marine*, 134 S. Ct. at 579 (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring)). More specifically, the Supreme Court explained that, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id*. at 581 (footnote omitted). This policy not only protects the legitimate interests of the parties, but also promotes the "'vital interests of the justice system.'" *Id*. (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring)).

In essence, the Supreme Court stated that § 1404(a) is simply a codification of the *forum non conveniens* doctrine for cases transferred within the federal court system. When a forum-selection clause exists, however, courts must make three adjustments to a typical § 1404(a) analysis. *Id*. at 581. First, a court must give no weight to a plaintiff's choice of forum. Instead, the plaintiff bears the burden to prove that a transfer to the contractually agreed upon forum is unwarranted. *Id*. Second, the court will give no weight to the parties' private interest in having an action filed in a forum other than the one that was preselected in the contract. Any inconvenience a party or their witnesses may experience "'was clearly foreseeable at the time of contracting.'" *Id*. at 582 (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17-18 (1972)) (other citation omitted). Although a court may consider the interest of the public in having an action filed in a particular forum, it will be unusual for the public interest to outweigh the forum-selection clause. Third, when a party contractually agrees to a forum-selection clause and then files an action in contravention to the agreement, "the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." *Id*. at 583 (footnote omitted).

-4-

In the present case, the Non-Disclosure and Non-Competition Agreements signed by Plaintiffs provide, in relevant part:

> It is acknowledged by the Employer and the Employee that the place of this contract, its status and form, is at all times in the Commonwealth of Pennsylvania, and any action at law, suit in equity, or judicial proceeding relating to the validity, construction, interpretation, and enforcement of this Agreement, or any provision hereof, shall be instituted and determined exclusively in the courts of the Commonwealth of Pennsylvania.

*Non-Disclosure and Non-Competition Agreement*, at ¶13 (ECF No. 8-2, at 9; ECF No. 8-3, at 9).

In addition, the Agreements state that:

> If any term or provision of this agreement shall be invalid or unenforceable to any extent or application, it is the intent of the parties that the remainder of this Agreement shall be so construed as to be valid and enforceable to the fullest extent and the broadest application permitted by law.

*Id*. at ¶14. Here, Plaintiffs responded to Defendant's motion by arguing that the non-compete clauses in the Agreements are unenforceable for a variety of reasons. However, Plaintiffs make no direct challenge to the validity of the forum-selection clause.

When a forum-selection clause exists, it is presumptively valid under the federal standard and is generally binding and enforceable—unless such enforcement is "unreasonable under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10 (1972) (footnote omitted); *see also Allen v. Lloyd's of London,* 94 F.3d 923, 928 (4th Cir. 1996) (quoting *M/S Bremen*). Forum-selection clauses may be determined to be unreasonable if:

> (1) their formation was induced by fraud or overreaching;
> (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum;
> (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or

(4) their enforcement would contravene a strong public policy of the forum state.

*Allen,* 94 F.3d at 928 (citations omitted). In order to avoid enforcement of a forum-selection clause, the challenging party must make "a strong showing that [the clause] should be set aside." *M/S Bremen*, 407 U.S. at 15. In this case, the Court finds that Plaintiffs have made no such showing.[2] Therefore, the Court finds that the forum-selection clause is binding and enforceable.[3]

## III.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendant's motion to the extent it seeks to transfer this case to the Middle District of Pennsylvania, but **DENIES** the motion to the extent it seeks to have this case dismissed for failing to comply with the forum-selection clause. ECF No. 8.

The Court **DIRECTS** the Clerk to **TRANSFER** this action to the Middle District of Pennsylvania and to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        July 22, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE

---

[2]In fact, Plaintiffs make no arguments with respect to the forum-selection clause in their Response to Defendant's motion. Instead, they focus solely on the enforceability of the restrictive employment covenant, which is irrelevant to the issue of whether this action should be transferred.

[3]This Court's decision is limited to the enforceability of the forum-selection clause.